NOT FOR PUBLICATION                                        (Doc. No. 3)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| GARVIN, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-5320 (RBK) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| POLICE OFFICER DALESIO, et. al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

FILED

SEP 1 0 2015

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**KUGLER**, United States District Judge:

Plaintiff Umar R. Garvin, an inmate currently confined at the Philadelphia Industrial

Correctional Center, seeks to proceed in this civil action *in forma pauperis*.

Plaintiff's Complaint alleges a § 1983 claim against Officers Dalesio and Tumolo and

Chief Charles Ramsey of the Philadelphia Police Department as well as the City of Philadelphia.

Plaintiff alleges that on September 13, 2012 the Defendant officers used excessive force in

detaining him. Documents filed with Plaintiff's Complaint show that the incident culminated in

a citation for disorderly conduct. (See Pl.'s Compl. 5.) Plaintiff alleges that he is entitled to

proceed *in forma pauperis* because he is unemployed.

It appears that at the time Plaintiff filed his motion to Proceed *in forma pauperis*, Plaintiff

was not incarcerated. Thus, as a non-prisoner, Plaintiff was required to file an "Application to

Proceed in District Court Without Prepaying Fees or Costs" detailing his assets and income.

Here, Plaintiff submitted only a letter stating that he is unable to pay because he is unemployed.

His application is therefore incomplete.

Because Plaintiff is now incarcerated, the procedure for refiling his Complaint and his motion to proceed *in forma pauperis* is governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners attempting to bring a civil action or file an appeal *in forma pauperis*.

Under the PLRA, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 27 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* will be denied without prejudice, and the Clerk of the court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee. The Court will also order the Clerk of the Court to forward to Plaintiff an Application to Proceed *in forma pauperis* with the Order accompanying this Opinion. Plaintiff will have **30 days** from the date of this Opinion and

2

accompanying Order to re-open by paying the filing fee or filing the appropriate application to

proceed *in forma pauperis*.[1]

Dated:   9/8/2015                                       s/Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir.1996); see also Williams–Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir.1995).

3